[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION #127.00 — MOTION FOR CONTEMPT MOTION #128.00 — MOTION FOR COUNSEL FEES MOTION #133.00 — MOTION FOR MODIFICATION MOTION #134.00 — MOTION FOR CONTEMPT
This case comes to this court post-judgment on the above motions. The parties presented evidence. Exhibits were entered into evidence. The court reviewed all of the documents filed including the financial affidavits of the parties. The court considered the arguments of the parties as well as the testimony presented. The court considered all relevant statutory criteria including but not limited to 46-62, the attorney's fees statute,46b-84 the child support and child support guidelines and 46b-86
the modification statute.
The court finds that the husband's total gross income for the period 1/1/92 through 10/31/92 as shown on exhibit 3 was $77,893.97. The court finds that he has paid through October 1, the sum of $4,827 as child support as shown on exhibit 2. The court has reviewed the child support guidelines computations submitted.
On June 6, 1992, the Honorable Barbara Coppeto granted the plaintiff's motion and ordered that the defendant pay child support of $230 per week, retroactive to May 19, 1992.
The burden of proof of any motion is on the moving party. The moving party must by a fair preponderance of the evidence establish that the motion should be granted.
Under 46b-86 the moving party must establish "a substantial change in the circumstances of either party or that the final order CT Page 10456 for child support deviates from the child support guidelines". The court finds that the defendant has failed to sustain his burden of proof that there is a change in circumstances since Judge Coppeto's previous orders. Accordingly, the defendant's Motion for Modification #133.00 is denied.
As to the defendant's Motion for Contempt, although it appears that there may have been violations of the orders, the defendant has failed to establish the burden of proof necessary in a contempt proceeding, that there has been a willful violation of a court order. Accordingly, the Motion for Contempt #127.00 is denied.
The Motion for Contempt filed by the plaintiff #134.00 is also denied since she too has failed to establish a willful violation of a court order. It is clear however, that the ex-husband was in violation of the court order. When he unilaterally reduced the payments on September 1, it was improper, although, he believed otherwise. Accordingly, the court finds that he is in arrears of Judge Coppeto's order of $230 per week. This court refers this matter to Family Relations to determine the amount of the arrearage if the parties are not able to agree what the arrearage is. That arrearage shall be paid at the rate of $10 per week, commencing one week from the date of this decision. The new payments will be $230 per week on Judge Coppeto's order plus $10 per week on the arrearage for a total payment of $240.
The court grants the plaintiff's Motion for Counsel Fees #128.00. The court finds that the evidence before it established that the affidavit of services was for $6,669, and those fees were fair and reasonable. The court has reviewed all of the statutory criteria as well as the case law including Koizim v. Koizim, and finds that the ex-husband does not have the financial ability to pay all those fees. Accordingly, he is ordered to make a contribution towards those fees in the sum of $1,200 which payment is to be made within thirty days of this order.
KARAZIN, J.